People v Centofanti (2020 NY Slip Op 00690)





People v Centofanti


2020 NY Slip Op 00690


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


4 KA 19-00593

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH CENTOFANTI, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH CENTOFANTI, DEFENDANT-APPELLANT PRO SE.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), entered February 22, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in using a risk assessment instrument (RAI) prepared by the District Attorney (DA) because it did not comply with the SORA Risk Assessment Guidelines and Commentary (2006). We reject that contention. "If the [DA] seeks a determination that differs from the recommendation submitted by the [B]oard [of Examiners of Sex Offenders], . . . the [DA] shall provide to the court and the sex offender a statement setting forth the determinations sought by the [DA] together with the reasons for seeking such determinations" (§ 168-k [2]). The RAI prepared by the DA, by which she requested the assessment of 30 points under risk factor 3, was such a statement. To the extent that defendant contends that the court erred in assessing him those points, he failed to preserve his contention for our review (see People v Gillotti, 23 NY3d 841, 854 [2014]).
Finally, we have reviewed the contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or
modification of the order.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court